**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Komarnisky, ) | No. CV 12-02441-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Aetna Life Insurance Company, ) | |
| Defendant. ) | |

The court has before it defendant's motion to dismiss (doc. 8). Plaintiff has not responded to the motion and the time for doing so has expired. See LRCiv 7.2(c). Plaintiff's failure to respond to the motion may be deemed a consent to the granting of the motion and we may dispose of the motion summarily. LRCiv 7.2(i).

This case arises out of plaintiff's claim for medical benefits under his patient's employee benefit plan (the "Plan"), which is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. On October 25, 2012 plaintiff filed a complaint in the San Marcos Justice Court of the State of Arizona seeking to recover benefits under the Plan. On November 16, 2012, defendant filed a notice of removal from the justice court to this court. Defendant now moves to dismiss this action, contending that ERISA preempts plaintiff's complaint because it falls within the scope of ERISA's civil enforcement provision under 29 U.S.C. § 1132(a), and relates to an ERISA plan under 29 U.S.C. §

1144(a). Defendant also contends that plaintiff has not and cannot allege exhaustion of his administrative remedies.

"[T]he general rule governing ERISA claims [is] that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." Diaz v. United Agr. Emp. Welfare Ben. Plan & Trust, 50 F.3d 1478, 1483 (9th Cir.1995). Moreover, ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a); Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S. Ct. 2488, 2495 (2004) ("ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"). Here, plaintiff has not demonstrated that he has exhausted his administrative remedies. Moreover, plaintiff has not disputed that his claims are preempted by ERISA, nor has he asserted that an independent legal duty is implicated by defendant's actions.

Accordingly, **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 8). We urge plaintiff to seek the advice of counsel. If he does not have a lawyer, he may wish to call the Lawyer Referral Service of the Maricopa Bar Association at 602-257-4434.

DATED this 7th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge